812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOOMIS ENTERPRISES, INC., and Robert G. Loomis, Plaintiffs-Appellants,
v.
BOONE COUNTY, KENTUCKY; Boone County Fiscal Court; Terry
Roberts, Boone County Judge/Executive; John Weaver,
Commissioner; Irene Patrick, Commissioner; Ron Robinson,
Commissioner; Boone County Planning Commission; Barry
Neltner, Vice Chairman; Larry Barnett, Secretary/Treasurer;
Donald A. Davis, Member; R.N. Greene, Member; Herman
Slusher, Member; Rector Jones, Member; Don McMillian,
Member; Raymond O. Godsey, Member; Carol Smith, Member;
Melvin Delong, Member; William R. Viox, Member; R.L. Buse,
Jr., Member; Lawrence Collins, Member; David Martin,
Member; Boone County Board of Adjustment, I.A. Archambault,
II, Member; Walt Ryan, Member; Fred C. Nevel, Member; Dan
Houston, Member; Boone County Planning and Zoning Officer,
Alvin Block; and Ralph Hopper, Boone County Planning and
Zoning Enforcement Officer, Defendants-Appellees.
 No. 86-5060.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1987.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from an order of the district court dismissing their complaint as the result of its having granted defendants' motion for summary judgment.
 
 
 2
 Plaintiffs alleged that defendants deprived them of the right, guaranteed by the fifth and fourteenth amendments to the United States Constitution, to extract minerals from their land. They contended that local zoning ordinances deprived them of the lawful use of their real property without due process of law, and that application of the zoning ordinances deprived them of the use of the land without just compensation.
 
 
 3
 During the pendency of the action before the district court, the Supreme Court decided Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, --- U.S. ----, 105 S.Ct. 3108, 87 L.Ed.2d 126, 53 U.S.L.W. 4969 (1985). In its opinion, the district court noted that the Supreme Court in Hamilton Bank held that claims brought under 42 U.S.C. Sec. 1983 against state and local officials for violations of rights secured under the Constitution, under the color of zoning ordinances, are premature until final decisions have been rendered as to how the zoning ordinances will be applied to claimants' property. In Hamilton Bank, the claimant had not sought variances, nor had it brought an action in state court upon the theory of inverse condemnation.
 
 
 4
 Similarly, noted the district court, plaintiffs here failed to pursue an inverse condemnation remedy; and, in addition, had not sought judicial review, in state court, of the zoning decision of the local legislative authority which had denied them a change in zoning.
 
 
 5
 Because it properly applied the holding of Hamilton Bank to the circumstances of this case, we affirm the district court, adopting the rationale utilized in its opinion.
 
 
 6
 The order of the district court, filed December 16, 1985, is affirmed.